**Date signed April 12, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Ashdun Corporation** | : | Case no. 01-25219-PM |
| | | Chapter 11 |
| | : | |
| Debtor. | | |
| **Cheryl E. Rose, Trustee** | : | |
| Plaintiff, | : | |
| | | Adv. Proc. No. 04-1917 |
| v. | : | |
| **Citigroup, Inc.** | : | |
| | : | |
| Defendant. | | |

### MEMORANDUM OF DECISION

Plaintiff Cheryl E. Rose filed a motion for summary judgment on February 1, 2005 (the "Plaintiff's Motion"). Defendant Citigroup, Inc. responded to Plaintiff's Motion on March 7, 2005, and also filed a motion for summary judgment on February 3, 2005 (the "Defendant's Motion"). Plaintiff responded to the Defendant's Motion on February 17, 2005. A hearing was held on the Motions on March 22, 2005. For the reasons discussed below, Plaintiff's Motion for

Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

Summary judgment is appropriate in this case because there are no genuine issues of material fact. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 883-84 (1990); Sylvia Dev. Corp. v. Calvert County, Maryland, 48 F.3d 810, 817 (4th Cir. 1995). Ashdun Corporation filed for bankruptcy under Chapter 11 on December 20, 2001, and Cheryl E. Rose was appointed as the Chapter 11 Trustee on December 4, 2002. Hugh S. Hunt was a principal of the Debtor. In July and August of 2002, the Debtor transferred a total of $235,000 to a Bank of America account (account number 003252385572) in the name of "Hugh S. Hunt d/b/a HSJH Fund" (the "HSJH Fund Account"). On July 24, 2002, Hunt transferred $125,000 from the HSJH Fund Account to a second Bank of America account (account number 7163725) in the name of "Hugh S. Hunt" (the "Hunt Account"). On August 1, 2002, Hunt made two transfers of $15,000 and $13,000 from the Hunt Account to Defendant via check. The parties agree that Defendant received the transfers in good faith and on account of an antecedent debt. In addition, the parties agree that the transfers are unauthorized postpetition transfers under 11 U.S.C. §549.

The issue here is whether under 11 U.S.C. §550, Defendant is an initial transferee or an immediate or mediate transferee of the funds. Whether Defendant is an initial transferee or a subsequent transferee is a crucial element in this case because under § 550(a)(1), a trustee has the absolute right to recover the value of any property transferred in an avoidable transaction from an initial transferee. See In re Southeast Hotel Properties Ltd. Partnership, 99 F.3d 151, 154 (4th Cir. 1996). In contrast, a trustee may not recover from a subsequent transferee if the subsequent transferee accepted the transfer for value (including satisfaction of an antecedent debt), in good faith and without knowledge of the transfer's voidability. 11 U.S.C. §550(b)(1).

The Fourth Circuit discussed the issue of initial transferees under § 550 in <u>Southeast Hotel</u>.  In that case, the Fourth Circuit adopted the 'dominion and control' test set forth in <u>Bonded Fin. Serv., Inc. v. European Am. Bank</u>, 838 F.2d 890 (7th Cir. 1988), to determine whether an entity is an initial transferee under § 550, finding that in order to constitute an initial transferee, a person or entity must have exercised legal dominion or control over the transferred funds.  <u>Southeast Hotel</u>, 99 F.3d at 156.  The court rejected the argument that mere physical control of funds was sufficient to render a party an initial transferee, stating "the term 'transferee' as used in §550 'must mean something different from possessor or holder or agent.'" <u>Id.</u> (citations omitted).

In this case, Hunt acted as more than a mere agent for the transfer of the funds, and thus exercised the requisite dominion and control over the transferred funds to render himself an initial transferee under § 550(a).  Consequently, Defendant is an immediate or mediate transferee of the funds.  Since the parties agree that Defendant received the transfers for value, in good faith and without knowledge of the voidability of the transfers, under § 550(b)(1) the Trustee may not recover the transferred funds from Defendant.

As the Court finds that Defendant is an immediate or mediate transferee of the transferred funds, an appropriate order shall be entered granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.

cc:   James Hoffman, Esq.
      Kermit A. Rosenberg, Esq.
      Debtor
      Office of the United States Trustee

**End of Memorandum of Decision**